# CASES DETERMINED

IN THE

# SURREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT A SPECIAL TERM THEREOF, HELD AT WHEELING,
IN THE COUNTY OF OHIO, COMMENCING ON
THE SIXTH DAY OF MARCH, 1878,
AND ENDING ON THE SEVENTH
DAY OF MAY, 1878.

GARRISON, ADM'R. *v.* MYERS.

Decided March 12, 1878.

1878.
Special Term.

1. A *scire facias* to revive a suit, or action, decree, or judgment can only be issued in the suit or action to be revived ; and if the suit was in equity, the *scire facias* must also be in equity, and governed by the rules of that court; and if the action was at law, the proceeding must conform to the rules of that court.

2. Upon the *scire facias* being properly served, and returned the judgment or decree will be revived, unless good cause be shown against it.

3. Upon a plea of *nul tiel record* to a *scire facias*, as the court below has the whole record before it, in the absence of the record in the Appellate Court, it will be presumed, that the part of the record recited in the *scire facias* was before the court below, and that the order reviving the decree is correct.

1878.
Special Term.

Garrison, adm'r
v.
Myers.

An appeal, with *supersedeas*, allowed upon petition of of Enos Myers, to a decree of the circuit court of Monongalia county rendered on the 24th day of September, 1874, in a cause in chancery in which Enos Myers was plaintiff, and Jacob Myers and others were originally defendants, and which had theretofore been before the Supreme Court of Appeals, and reversed with costs, in favor of the said defendants below, who thereupon issued a *scire facias* to revive the decree of the Court of Appeals in the name of Alpheus Garrison, administrator of Jacob Myers.

Hon. C. S. Lewis, late judge of the second judicial circuit, entered the order complained of.

*Berkshire & Sturgiss*, for appellant.

*P. H. Keck*, for appellee.

JOHNSON, JUDGE, furnishes the following statement of the case:

Upon an appeal from two decrees in a chancery suit, decided by the circuit court of Monongalia county, in which suit Enos Myers was complainant and appellee, and Jacob Myers and others were defendants, Jacob Myers appellant, the Supreme Court of Appeals reversed the said decrees and gave costs against the appellee, Enos Myers, to the appellant Jacob Myers. The first mandate, entered by said Supreme Court of Appeals on the 12th day of July, 1873 at Wheeling, reversed but one of said decrees, gave judgment for costs, and remanded the

cause for further proceedings. In the second order, enter-ed by said Supreme Court of Appeals at Charlestown on the 20th day of August, 1873, is the following language:

"Upon an appeal taken by Jacob Myers from two decrees of the circuit court of Monongalia county, one rendered on the 16th day of December, 1870, and the other on the 21st day of September, 1871, it appearing to the court, that in the decree of this court, entered in this cause on the 12th day of July, 1873, a clerical error was committed in reversing but one of the said decrees instead of both, as was intended and so expressed in the written opinion of the court filed in the cause, it is, for the purpose of correcting said decree, now adjudged ordered and decreed, *nunc pro tunc*, that the decree of the circuit court of said county, pronounced in this cause on the 21st of September, 1871, be reversed and annulled, and that the appellant, Jacob Myers, recover of the appel-lee, Enos Myers his costs about the prosecution of his ap-peal in this behalf expended. And this cause is re-manded to the circuit court of Monongalia county for further proceedings to be had therein according to the said written opinon, which is ordered to be certified &c."

The costs in the appellate court as taxed by the clerk of said court, as appears by the record, amounted to $221.23. The said mandates were sent down to the court below and entered of record, as the law required. -

After the said two mandates were entered, and before execution issued for the said costs, Jacob Myers died intestate and Alpheus Garrison qualified as administra-tor of his estate and sued out a *scire facias* in said cause in the usual form, against the said Enos Myers, requir-ing him to be before the circuit court of Monongalia county on the 1st day of September, 1873, to show cause, if any he had, why the said Alpheus Garrison, adminis-trator as aforesaid, ought not to have execution against him for the costs aforesaid. The said *scire facias* was duly served.

On the 24th day of September, 1874, the defendant by

counsel appeared, to show cause against the revival of said suit, and against an execution issuing on said judgment for costs, and tendered three pleas: 1st. That said costs had been paid. 2d. That there was no such record, as that set forth in the *scire facias*, and 3d. That "neither the defendant nor his counsel had any notice of the judgment, rendered by the Supreme Court of Appeals at Charlestown on the 20th day of August 1873; and that the said court had no jurisdiction or authority to make any such order or decree at the said time and place, as alleged in said *scire facias* &c."

On the first and second of said pleas the plaintiff took issue, and moved to reject the third, which motion was sustained by the court. "And the defendant by his counsel moved to strike the said cause from the chancery docket, and allow him an opportunity to try the issues joined in the case in the usual way, which motion was overruled; and the case was thereupon submitted to the court, to be disposed of, as other chancery causes, on the said *scire facias*, as described in the decree rendered thereon in the manner set forth in said decree, to all which proceedings the defendant objected &c."

There was a demurrer to the *scire facias*, which was overruled. The decree recites, that the "cause came on to be heard on the *scire facias* in the cause, and summons duly executed on said defendant, demurrer and joinder therein, and two several pleas in writing marked Nos, 1, and 2, replication thereto and issue, and was argued by counsel. On consideration whereof the said demurrer is overruled; and, no evidence being offered by the defendant on either of the pleas aforesaid, it is further adjudged ordered and decreed &c;" and proceeds to revive the decree &c.

From said decree an appeal was granted in vacation by one of the judges of the Appellate Court.

JOHNSON, JUDGE, delivered the opinion of the Court:

The first ground of error assigned in the decree is,

"that the circuit court evidently misconstrued the case and committed a plain error in treating it as a *suit in equity,* and proceeding accordingly to dispose of the issues joined on the pleas filed by the appellant, *vs.* plaintiff in error, against his protest."

It was the old practice, when a suit becomes abated after a decree signed and enrolled, to revive the decree by a subpœna in the nature of a *scire facias,* upon the returning of which the party, to whom it was directed, might show cause against the reviving of the decree, by insisting that he was not bound by the decree, and showing why; or that for some other reason it ought not to be enforced against him; or that the person suing out the subpœna was not entitled to the benefit of the decree. If he opposed the reviving of the decree on the ground of facts, which were disputed, he was examined upon interrogatories, to which he might answer or plead; and, issue being joined and witnesses examined, the matter was finally heard and determined by the court. But if there had been any proceedings subsequent to the decree, this process was ineffectual, as it revived the decree only, and the subsequent proceedings could not be revived except by bill. The enrollment of decrees being much disused it became the practice to revive in all cases indiscriminately by bill: Story Eq. Pleading sec. 366.

In this State the statute as to reviving suits is as follows: By Sec. 4 of ch. 127 of the Code it is provided, that "In any stage of any case, a *scire facias* may be sued out, for or against the committee of any party, who is insane or a convict; or for or against a party before insane, the powers of whose committee have ceased; or for or against the personal representative of the decedent, who, or whose personal representatives was a party; or for or against the heirs, or devisees of a decedent; who was a party; or for the assignee or beneficiary party, to show cause why the suit should not proceed in the name of him or them; or where the party dying, or whose

1878.
Special Term

Garrison, adm'r
v.
Myers.

powers cease, or such insane person or convict, is plaintiff or appellant, the person or persons, for whom such *scire facias* might be sued out, may without notice or *scire facias* move, that the suit proceed in his or their name. In the former case after the service of the *scire facias,* or in the latter case on such motion, if no sufficient cause be shown against it, an order shall be entered, that the suit proceed according to such *scire facias* or motion. Any such new party (except in an appellate court) may have a continuance of the case at the term, at which such order is entered; and the court may allow him to plead anew, or amend the pleadings, as far as it deems reasonable, but in other respects the case shall proceed to final judgment or decree, for or against him, in like manner as if the case had been pending for or against him, before such *scire facias* or motion."

It is clear that a *scire facias,* to revive a suit or action, decree or judgment, can only be issued in the suit to be revived; and if the suit was in equity, the *scire facias* must be in equity, and be governed by the rules of that court; and if the action was at law, the proceedings must conform to the rules of that court. Therefore we do not think the court erred, in treating the *scire facias* in this cause, as being a proceeding in equity. *Syllabus 1*

No motion was made to have the issues tried by a jury; it is therefore unnecessary to decide what would have been the effect of the denial of such a motion, as the question does not arise.

The second error assigned is, that the court overruled, or disregarded the plea of *nul tiel record,* in the absence of the record, or any evidence to sustain the *scire facias.* *Syllabus 2*

It was the defendant's duty, if he could, to show cause against the revival of the decree; the mere filing of his pleas would not do, the whole record in the cause was before the chancellor, and the *scire facias* recites sufficient of the record to show, that the decree ought to have been revived, and being revived, the appellate court will presume, in the absence of the record, that it fully justi- *Syllabus 3*

fied the court in its action.   It certainly will not be·seriously contended, that the court erred in rejecting the third plea, which was, that the Supreme Court of·Appeals had no jurisdiction to enter the decree, it did at Charlestown in 1873.   The learned counsel in his notes seems to have tacitly abandoned that assignment of error.

Certainly the appellate court would not hold, that the court below erred, in refusing to review and hold for naught a mandate sent to it by the Supreme Court of Appeals.

We see no error in the order of the court reviving the decree, and the same is affirmed with costs and damages.

The other Judges concurred.

DECREE AFFIRMED.